By the Court.
The plaintiff in error brings this proceeding to reverse an order of the defendant in error which permitted The Washington Gas & Electric Company of the city of Washington to file a certain schedule of rates to be charged the inhabitants of the city for electric current. The company holds a franchise granted by the council of the city to occupy the streets thereof, which empowers it to place poles and conduits and string wires in order to distribute electric current for light, heat and power purposes. The company is the only company, association or person now, or at any time, engaged in the city in producing and distributing electric current for public or private con *71 sumption, or having a franchise in the streets, ways and public places therefor.
On April 3, 1916, the council of the city passed an ordinance to regulate the price which may be charged for electric light to private consumers of electricity for light and power, and therein fixed rates which the gas and electric company and its successors and assigns were permitted to charge for the period of ten years from May 10, 1916.
The company has never filed its written acceptance of the ordinance with any officer of the municipality.
On June 1, 1916, the company presented to consumers of its current, bills which contained a reference to the new electric rates established by the city council, and on the back thereof there was an epitome of the rates to be charged. The company claimed that the ordinance was invalid because it was indefinite and uncertain, and because it attempted to fix rates for power purposes, whereas, as claimed by the company, it was only authorized to fix rates for light purposes.
Entertaining the view that the city had not prescribed rates by a valid ordinance the company proffered to the public . utilities commission a schedule of rates fixed by it and requested permission to file the same, which was granted.
By the provisions of Section 3982, General Code, the city was empowered to regulate, from time to time, the price which companies may charge for electric light, for lighting or fuel purposes; and by the provisions of Section 3983, General Code, if the city fixed such price for a period not exceed *72 ing ten years, and the company had filed its written acceptance, this action would have constituted an agreement between the parties for the period named. But it was held in The State, ex rel., v. Ironton Gas Company, 37 Ohio St., 45, that if the ordinance fixing the price for the specified period is not accepted in accordance with the statute “the power of the council to regulate the price is as ample as if the ordinance contained no such provision.”
In its analysis of the ordinance the commission concluded that its terms were too indefinite, and stated: “The commission has repeatedly rejected proffered schedules for far less inaccuracies than these, and required the utilities to reconstruct and reprint them, setting forth clearly what they meant.”
The infirmity in this position is that the commission is without power to prescribe the form which shall be followed by legislative bodies authorized by law to legislate upon specific subjects. The commission is a board of special and limited jurisdiction and has no power to exercise any jurisdiction beyond that expressly conferred by statute. The City of Cincinnati v. The Public Utilities Commission, 96 Ohio St., 270.
The commission is given specific authority to prescribe forms to be followed by public utilities by Section 614-16. If the company felt that the ordinance of the city, which prescribed the rates to be observed by it, was indefinite, or invalid for any other reason, it could have attacked the validity in a court of competent jurisdiction; or, if it did not *73 desire for any reason to follow that procedure, it could have appealed the matter to the public utilities commission under the provisions of Section 614-44 et seq. It would have then been the duty of the commission to have considered the complaint of the company and to have fixed a reasonable rate.
In so far as the contention that the terms of the ordinance were too indefinite is concerned, we think it is sufficient to say that the course of dealing between the parties, disclosed by the agreed statement of facts, shows that there was not such ambiguity in. the terms as to present any substantial difficulty in their performance. The terminology, including the abbreviations used, seems to have been entirely understood by all interested parties.
As to the matter of fixing the price of current for power purposes, Section 3982 should be read in connection with related sections pari materia. Sections 9195 and 9321 contain provisions with reference to the right of companies, organized as this company was, to manufacture and supply electricity for light, heat and power purposes and sell the same with the consent of a municipality; and Section 3983 contains the provisions “If council fixes the price at which it shall require a company to furnish electricity or either natural or artificial gas to the citizens, or public buildings or for the purpose of lighting the streets, alleys, avenues, wharves, landing places, public grounds or other places or for other purposes." From all of these provisions we think it clear that it was the intention of the legislature to confer upon the council the au *74 thority to make regulations such as were made in this case.
We think it clear that the ordinance passed by the city, April 3, 1916, was sufficiently definite and certain in its terms to prescribe valid rates for the purposes named in the ordinance.
As above stated, it is admitted that the company never accepted the ordinance in writing, and we think that none of the things done by the company amounted to a ratification of the ordinance as claimed by the city. That being so there was no contract between tlie parties. Therefore, the regulatory ordinance was effective under the rules stated in State, ex rel., v. Ironton Gas Co., supra.
In this situation, as already shown, the company could have appealed to the commission from the rate fixed by the ordinance, and the commission under Section 614-44 et seq. could have proceeded to fix a reasonable rate. In this case the company did not do this, but elected to disregard the ordinance on the ground that it was not sufficient in its terms to impose any duty on the company.
The contention of counsel for the company that any citizen or company may disregard a law which it regards as invalid and leave the matter to be subsequently decided by the courts is undoubtedly sound. But in this case the company took the chances of the ordinance being found by a competent tribunal to be so indefinite and uncertain as to be incapable of enforcement, instead of appealing to the commission under the statutes named.
*75 There being a valid ordinance in force at the time that the company proffered its schedule, the commission was without authority to order it filed as a legal schedule of rates to be observed by interested parties.
The order of the commission will be reversed.

Order reversed.

Nichols, C. J., Wanamaker, Matthias, Johnson and Donahue, JJ., concur.
Jones, J., not participating.